## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (the "Agreement") is made and entered into as of the latest signature date reflected below by and between SUSHI YAMA JAPANESE RESTAURANT, INC., a Florida corporation (the "Company"), and TOSHIO FURITHATA and MUTSUHIKO YUHARA, individuals (the preceding three parties collectively the "Defendants"), on the one hand, and SARAHI BIEL HERNANDEZ, an individual (the "Plaintiff"), on the other hand.

WHEREAS:

A. The Plaintiff was previously employed with the Company.

B. On or about AUGUST 16, 2017, the Plaintiff filed an action against the Defendants in the United States District Court for the Southern District of Florida (the "District Court"), Case No. 0:17-cv-23130-COOKE (the "Civil Action").

C. In the Civil Action, the Plaintiff claims the Plaintiff is entitled to damages from the Defendants and other relief (the "Alleged Compensation Amount") pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

D. The Defendants expressly deny that the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof. Moreover, the Defendants expressly deny each and every material allegation set forth in the Civil Action, and the Defendants expressly deny having committed any wrong or causing any injury to the Plaintiff.

E. There are bona fide disputes between the Defendants and the Plaintiff, including but not limited to whether Plaintiff occupied a position which was exempt under the FLSA and the number of hours worked by the Plaintiff.

F. In order to avoid the further costs and burdens of litigation, the Defendants and the Plaintiff now desire to settle fully and finally any and all differences between them, including, but not limited to, those differences embodied in the Civil Action.

NOW, THEREFORE, the Defendants and the Plaintiff agree as follows:

1. The foregoing recitals constitute part of this Agreement.

2. (a) The parties hereby instruct their respective attorneys to seek and obtain review and approval of the parties' settlement as embodied in this Agreement, and the parties further instruct their respective attorneys to request that the District Court review the terms of their settlement.



SBH Initials

(b)     The parties hereby agree to cooperate in drafting and filing with the Court a Joint Motion to Approve this settlement.

(c)     The parties agree to take whatever other actions are necessary to effectuate the approval of their settlement as embodied in this Agreement and the dismissal with prejudice of the Civil Action, including, but not limited to, filing appropriate or necessary additional documents should the District Court disapprove of their settlement in whole or in part.

3.    The Plaintiff agrees and acknowledges that the Plaintiff shall not in the future provide any services to or on behalf of, or be employed by, the Defendants. The Plaintiff further agrees and acknowledges that the Plaintiff will not knowingly accept, apply for, or otherwise seek employment with, or otherwise seek to perform services for or on behalf of, the Defendants or any of the Defendants' subsidiaries, divisions, related companies, or controlling shareholders (direct or indirect) at any time.  In the event that the Plaintiff is inadvertently employed by any of the foregoing (including the provision of services as an independent contractor), then the Plaintiff understands and agrees that the Plaintiff shall promptly resign from such employment and/or that the employing person or entity shall be entitled to involuntarily terminate the employment or working relationship without any legal exposure or liability.

4.    The Plaintiff represents, warrants and agrees that Plaintiff did not suffer any on-the-job injury regarding or arising from the Plaintiff's employment with the Company.

5.    The Plaintiff agrees and understands that the amounts paid by or on behalf of the Defendants pursuant to this Agreement are being paid strictly and solely for purposes of settlement and that the Defendants expressly and vigorously deny that the Plaintiff is entitled to receive any relief whatsoever, including but not limited to the Alleged Compensation Amount or any part thereof. The parties agree and acknowledge that there are good faith, bona fide disputes between the Defendants and the Plaintiff, including but not limited to whether Plaintiff occupied a position which was exempt under the FLSA and the number of hours worked by the Plaintiff. The parties further agree and acknowledge that this Agreement represents a fair, reasonable, good faith and arms-length compromise of disputed issues and claims.

6.    In consideration of this Agreement and the mutual promises set forth herein, and in full, final and complete settlement, the Defendants shall pay or cause to be paid to the Plaintiff and the Plaintiff's attorneys, Cassata Law, P.A. ("Cassata"), the total gross amount of Twenty-Four Thousand Dollars and No Cents ($24,000.00) (the "Settlement Amount"). The apportionment and payment of the Settlement Amount is as follows:

SBH Initials _____

(a)   The Settlement Amount shall be made payable to The Trust Account of Cassata Law, P.A.

(b)   Of this amount Plaintiff will be receiving $14,500. The remainder ($9,500.00) represents incurred attorneys' fees and costs payable to Cassata Law, P.A.

(c)   The Settlement Amount shall be paid in installments as follows:

- $6,000 within three (3) days of the entry by the District Court of an order approving the parties' settlement as embodied by this Agreement and dismissing the Civil Action with prejudice.

- $6,000 on April 15, 2018, $6,000 on May 15, 2018, and $6,000 on June 15, 2018.

(d)   $3,625.00 will be disbursed to Plaintiff with the payment of each installment.

(e)   The Plaintiff agrees and acknowledges that, as directed by or allocated pursuant to applicable law, the Plaintiff will be responsible for the payment of any and all taxes with respect to the Settlement Amount. The Plaintiff also agrees, warrants and acknowledges that the Defendants shall have no responsibility whatsoever for the payment of any taxes with respect to the Settlement Amount.

7.   The Plaintiff, in consideration of this Agreement and the mutual promises set forth herein, and for other good and valuable consideration received from or on behalf of the Defendants, receipt whereof is hereby acknowledged, hereby *releases and forever discharges* the Defendants and the Defendants' respective parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, owners, shareholders (direct or indirect), directors, officers, employees, agents, and attorneys (and the owners, shareholders (direct or indirect), directors, officers, employees, agents, and attorneys of such parent companies, subsidiaries, affiliates, and related companies), and all persons acting by, through, under, or in concert with any of them (the Defendants and the foregoing other persons and entities are hereinafter defined separately and collectively as the "Defendant Releasees"), from all actions, causes of action, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, claims, and demands whatsoever, *whether known or unknown*, either in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to, or arising out of, any aspect of the Plaintiff's employment or relationships with the Defendants, the termination of such employment

SBH Initials _____

or relationships, or any agreement concerning such employment or relationships, including, but not limited to:

    (a)    any and all claims asserted, or which could have been asserted, in the Civil Action, including, but not limited to, any and all claims under the FLSA;

    (b)    any and all claims of wrongful discharge or breach of contract, any and all claims for equitable estoppel, any and all claims for employee benefits, including, but not limited to, any and all claims under the Employee Retirement Income Security Act of 1974, as amended, and any and all claims of employment discrimination, harassment or retaliation on any basis, including, but not limited to, any and all claims under Title VII of the Civil Rights Act of 1964; under the Florida Civil Rights Act of 1992; under the Age Discrimination in Employment Act of 1967 (the "ADEA"); under Sections 1981 through 1988 of Title 42 of the United States Code; under the Civil Rights Act of 1991; under the Americans with Disabilities Act of 1990; under the Immigration Reform and Control Act of 1986; under the Family and Medical Leave Act of 1993; under the Worker Adjustment and Retraining Notification Act; under the Fair Credit Reporting Act; under the Equal Pay Act; under the Genetic Information Nondiscrimination Act of 2008; under the Florida Equal Pay Law; and under the Florida Wage Discrimination Law;

    (c)    any and all claims under any other federal, state, or local wage and hour law, employment law, labor law, civil rights law or human rights law;

    (d)    any and all claims of negligence, slander, libel, defamation, invasion of privacy, intentional or negligent infliction of emotional distress, negligent misrepresentation, fraud, negligent hiring, supervision or retention, assault and battery, and intentional or prima facie tort; and

    (e)    any and all claims for monetary recovery, including, but not limited to, back pay, front pay, liquidated, compensatory or punitive damages, attorneys' fees, experts' fees, disbursements, and costs;

which, against the Defendant Releasees, the Plaintiff or the Plaintiff's heirs, executors, administrators, successors, and assigns ever had, now have, or hereafter can, will, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date the Plaintiff executes this Agreement.

    8.    The Plaintiff understands and acknowledges that there may be facts or information which the Plaintiff does not know or suspect to exist in the Plaintiff's favor at the time the Plaintiff executes this Agreement, and the Plaintiff agrees that this Agreement is intended to and does extinguish any and all claims the Plaintiff might have based on such facts or information.

SBH Initials _____

9. Excepting only the Civil Action, the Plaintiff represents and warrants that the Plaintiff has never commenced or filed, and the Plaintiff covenants and agrees never to commence, file, aid, or in any way prosecute or cause to be commenced or prosecuted against the Defendant Releasees, or any of them, any action, charge, complaint, or other proceeding, whether administrative, judicial, legislative, or otherwise, including, but not limited to, any action or proceeding for attorneys' fees, experts' fees, disbursements, or costs, based upon or seeking relief on account of actions or failures to act by the Defendant Releasees, or any of them, which may have occurred or failed to occur before the Plaintiff's execution of this Agreement.

10. The Plaintiff represents and warrants that no other person is entitled to assert any claim based on or arising out of any alleged discriminatory, unlawful, wrongful, tortious, or other conduct against the Plaintiff by the Defendant Releasees, or any of them, including, but not limited to, any and all claims for attorneys' fees, experts' fees, or damages resulting as a consequence thereof, based upon or seeking relief on account of actions or failures to act by the Defendant Releasees which may have occurred or failed to occur before the Plaintiff executes this Agreement. The Plaintiff further represents and warrants that the Plaintiff has not assigned and will never assign any such claim, and that in the event any such claim is filed or prosecuted by any other person or entity, the Plaintiff will cooperate fully with the Defendant Releasees and will move immediately to withdraw the Plaintiff's name and to disassociate the Plaintiff completely from any such claim, will request such person or entity to withdraw such claim with prejudice, and will not voluntarily cooperate with or testify on behalf of the person or entity prosecuting such claim.

11. (a) The Plaintiff acknowledges that maintaining confidentiality with respect to this Agreement is of *paramount importance* to the Defendants and is a material inducement to the Defendants entering into this Agreement. Accordingly, the Plaintiff represents and warrants that the Plaintiff, except as pursuant to subpoena or other legal compulsion, covenants and agrees that the Plaintiff will going forward keep the terms and fact of this Agreement, including but not limited to any negotiations leading to the execution of this Agreement, *strictly confidential*, and that the Plaintiff will not disclose (whether verbally, in writing, through non-verbal means (such as winks or nods of the head), or otherwise) any information concerning this Agreement, or that this Agreement is or might be a matter of public record, to any person, firm, corporation, governmental agency, or other entity, without the prior written consent of the Defendants. This prohibition does not apply to any filing or related communication with any federal, state or local tax or revenue authority, or to communications with a spouse, attorney, or professional tax advisor, who agrees, in advance, to be similarly bound; the Plaintiff is responsible for insuring that any such individual(s) to whom the Plaintiff makes such a communication keep the fact and terms of this Agreement confidential. Upon inquiry to the Plaintiff by any third party, other than those listed in the preceding sentence, regarding the Civil Action, the allegations and claims set forth in the Civil Action, this Agreement and/or the settlement of the Civil Action, any response shall be

SBH Initials _[initials]_

strictly and solely limited to the following verbal communication: "The matter has been resolved and I cannot discuss it any further."

    (b)    The Plaintiff acknowledges that this Agreement may be filed with the District Court and/or that the fact and terms of this Agreement may otherwise be disclosed to the District Court. While this Agreement will be filed with the District Court, the Plaintiff agrees and understands that such filing or disclosure shall in no way waive, limit or abrogate the Plaintiff's obligation to keep the fact and terms of this Agreement confidential as described in Paragraph 11(a) above.

    (c)    The Plaintiff agrees, represents and warrants that the Plaintiff shall not, subsequent to the execution of this Agreement, communicate (whether verbally, in writing, through non-verbal means (such as winks or nods of the head), or otherwise) with any former or current employee, worker, independent contractor, vendor, supplier, or customer of the Company regarding the Civil Action, the claims set forth in the Civil Action, this Agreement and/or the settlement of the Civil Action. Upon inquiry to the Plaintiff by any such former or current employee, worker, independent contractor, vendor, supplier or customer of the Company regarding the Civil Action, the allegations and claims set forth in the Civil Action, this Agreement and/or the settlement of the Civil Action, any response shall be strictly and solely limited to the following verbal communication: "The matter has been resolved and I cannot discuss it any further."

    (d)    Should the Plaintiff become aware of the possibility that the terms and fact of this Agreement may be disclosed as a result of subpoena or other legal compulsion, the Plaintiff shall provide notice thereof in writing to the Defendants' attorneys as set forth in Paragraph 24(a) below within three (3) days of the date that the Plaintiff becomes aware of the possibility in order to provide the Defendants with an opportunity to prevent disclosure through a protective order or any other appropriate legal mechanism.

    12. Defendants *release and forever discharge* the Plaintiff and the Plaintiff's heirs, executors, administrators, successors, and assigns, from all actions, causes of action, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, claims, and demands whatsoever, *whether known or unknown*, either in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to, or arising out of, any aspect of the Plaintiff's employment with the Company, the termination of such employment or any agreement concerning such employment, which, against the Plaintiff, the Defendants ever had, now have or hereafter can, will, or may have, by reason of any matter or cause whatsoever from the beginning of the world to the date the Defendants execute this Agreement.

    (b)    If the Company is contacted by any third-party, including a prospective employer, regarding a current or former employee of the Company, it is the

SBH Initials _____

Company's policy to only provide or confirm (i) the current or former employee's dates of service and (ii) the current or former employee's position(s) held. The Company agrees to follow this policy regarding the Plaintiff.

13. Subject to Paragraph 2(c) above, should any part, term, or provision of this Agreement be declared or determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, the validity of the remaining parts, terms, or provisions will not be affected thereby, and said illegal, invalid or unenforceable part, term, or provision will be deemed not to be a part of this Agreement.

14. No payment made pursuant to this Agreement shall constitute or be considered "wages," "earnings" or "compensation" for any purpose under any retirement plan, welfare plan, stock purchase plan, bonus plan, employee stock ownership plan or vacation policy of the Company.

15. In any action or proceeding, including but not limited to appellate proceedings, to enforce or interpret this Agreement, the prevailing party shall be entitled to recover his, her or its costs and attorneys' fees.

16. This Agreement is to be interpreted, construed, and enforced pursuant to the substantive laws of the State of Florida and, where applicable, federal law. The District Court shall retain jurisdiction to enforce the terms and conditions of this settlement, but should the District Court refuse or fail to exercise such jurisdiction, then a court of competent jurisdiction in Broward County, Florida shall be the agreed and exclusive alternate forum for enforcement proceedings.

17. Should any term or provision of this Agreement require interpretation or construction, it is agreed by the parties that the court or other entity interpreting or construing this document shall not apply any presumption that the terms and provisions of this Agreement shall be more strictly construed against any particular party, it being agreed that all parties and their respective attorneys have fully participated in the preparation of all terms and provisions of this Agreement.

18. This Agreement sets forth the entire agreement between the parties hereto, fully supersedes any and all prior agreements or understandings between the parties regarding the subject matter hereof, and may only be modified in writing.

19. This Agreement is not, and shall not in any way be construed as, an admission by the Defendants or any of the other Defendant Releasees of any liability to, or of any unlawful or otherwise wrongful acts against, the Plaintiff or any other person, and the Defendants specifically disclaim any liability to, or any unlawful or otherwise wrongful acts against, the Plaintiff or any other person on the part of the Defendants or any of the other Defendant Releasees.

SBH Initials _____

20. The Plaintiff expressly represents, warrants and acknowledges that the terms and provisions of this Agreement herein stated are the only consideration for signing this Agreement; that no other promise or agreement of any kind has been made by, to or with any person or entity whatsoever to cause the signing of this Agreement; and that, in executing this Agreement, the Plaintiff does not rely and has not relied upon any representation or statement made by any of the Defendant Releasees or by any of the Defendant Releasees' agents, representatives, or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

21. The Plaintiff represents and acknowledges that the Plaintiff's signature hereon shows that the Plaintiff has decided, knowingly, voluntarily, freely and without coercion, after consulting with appropriate legal counsel, to execute this Agreement in return for the consideration paid by or on behalf of the Defendants, and that the Plaintiff's signature appearing hereon is genuine.

22. Notwithstanding any other provision of this Agreement to the contrary, the Defendants and the Plaintiff agree as follows:

(a) The Plaintiff, in consideration of the promises made and the payments and benefits provided by Defendants as set forth herein (which the Plaintiff agrees constitutes consideration in addition to anything of value to which the Plaintiff is already entitled), agrees that this Agreement constitutes a knowing and voluntary waiver of all rights or claims the Plaintiff may have against the Defendant Releasees, or any of them, including, but not limited to, all rights or claims arising under the ADEA, including, but not limited to, all claims of age discrimination in employment and all claims of retaliation in violation of the ADEA.

(b) By entering into this Agreement, the parties do not waive rights or claims that may arise after the date this Agreement is executed.

(c) This Agreement does not affect the rights and responsibilities of the U.S. Equal Employment Opportunity Commission (the "EEOC") or like agencies to enforce the ADEA and other laws, and will not affect or be used to interfere with the Plaintiff's protected right to file a charge or participate in an investigation or proceeding conducted by the EEOC or like agencies. The Plaintiff further agrees that the Plaintiff knowingly and voluntarily waives all rights or claims (that arose prior to the Plaintiff's execution of this Agreement) that the Plaintiff may have against the Defendant Releasees, or any of them, to receive any benefit or remedial relief (including, but not limited to, reinstatement, back pay, front pay, damages, and attorneys' fees) as a consequence of any charge filed with the EEOC or like agencies, or of any litigation concerning any facts alleged in any such charge.

(d) This Agreement will not affect or be used to interfere with the Plaintiff's protected right to test in any court of competent jurisdiction, under the Older

SBH Initials _____

Workers Benefit Protection Act (or like statute or regulation), the validity of the waiver of rights set forth in Paragraph 7 (and its subparagraphs) of this Agreement.

(e) For a period of seven (7) days following the Plaintiff's execution of this Agreement, the Plaintiff has the right to revoke this Agreement by written notice delivered within such period to the Defendants' attorneys as set forth in Paragraph 24(a) below.

(f) This Agreement shall not become effective or enforceable until the eighth (8th) day after its execution by the Plaintiff, and that in the event the Plaintiff revokes this Agreement as set forth in Paragraph 22(e) above, this Agreement, and the promises contained in it, will automatically be deemed null, void and of no affect whatsoever.

(g) The Plaintiff's acceptance of the monies or other consideration paid by or on behalf of the Defendants, as described in Paragraph 6 above, at any time more than seven (7) days after the Plaintiff has executed this Agreement, will constitute an admission by the Plaintiff that the Plaintiff did not revoke this Agreement during the revocation period, and that this Agreement has become fully effective and enforceable.

(h) The Defendants hereby advise and urge the Plaintiff in writing to consult with an attorney prior to executing this Agreement.

(i) The Plaintiff represents, warrants and acknowledges that the Defendants gave the Plaintiff a period of twenty-one (21) days in which to consider this Agreement before executing it. If the Plaintiff executes this Agreement at any time prior to the end of such twenty-one (21) day period, then such early execution was a knowing and voluntary waiver of the Plaintiff's right to consider this Agreement for twenty-one (21) days, and was due to the Plaintiff's belief that the Plaintiff had ample time in which to consider and understand this Agreement, and to review it with an attorney.

23. This Agreement may be executed in counterparts, each of which shall be deemed an original, and the counterparts shall together constitute one and the same instrument, notwithstanding that the parties hereto may not be signatories to the original or the same counterpart. The parties agree and acknowledge that a photocopy, facsimile copy, e-mailed copy or scanned copy of an executed signature or initialed page may be used in place of an original executed signature or initialed page for any purpose.

24. Any notice, correspondence, payment or other communication contemplated by or connected with this Agreement shall be directed as follows:

(a) <u>If to the Defendants</u>:

SBH Initials _____

>   Tony Pornprinya, Esq.
>   1555 NE 123rd Street
>   Miami FL 33161
>   Telephone (305) 893-8989

(b)   <u>If to the Plaintiff</u>:

>   Dion J. Cassata, Esq.
>   Cassata Law, P.A.
>   7999 N. Federal Highway, Suite 200
>   Boca Raton, FL 33487
>   Telephone (954) 364-7803
>   Facsimile (954) 251-4787
>   E-Mail: dion@cassatalaw.com

25.   Each party has been advised to seek the advice of a Certified Public Accountant or other tax advisor to review this Agreement and to advise each party concerning how all of the terms and conditions set forth therein may affect their future tax liabilities. The parties hereto hereby acknowledge and agree that each has had the opportunity to retain its, his or her own Certified Public Accountant, tax advisor or tax attorney with reference to the tax implications of this Agreement. Further, the parties hereby acknowledge that that have not relied upon the tax implications of this Agreement, and the parties acknowledge and agree that their signatures to this Agreement serve as the acknowledgment that they have read this particular paragraph and that they have had the opportunity to seek independent tax advice. Each party acknowledges that its, his or her attorney provided them no tax advice and they have not relied on any representations of their attorney in providing tax advice.

[This space intentionally left blank. Agreement concludes on following page.]

SBH Initials _____

26. THE PLAINTIFF EXPRESSLY REPRESENTS AND WARRANTS THAT THE PLAINTIFF (a) HAS CAREFULLY READ THIS AGREEMENT; (b) FULLY UNDERSTANDS THE TERMS, CONDITIONS AND SIGNIFICANCE OF THIS AGREEMENT; (c) HAS HAD AMPLE TIME TO CONSIDER AND NEGOTIATE THIS AGREEMENT; (d) HAS HAD A FULL OPPORTUNITY TO REVIEW THIS AGREEMENT WITH THE PLAINTIFF'S COUNSEL AND HAS DONE SO; AND (e) HAS EXECUTED THIS AGREEMENT – CONSISTING OF <u>26</u> NUMBERED PARAGRAPHS AND A TOTAL OF <s>13</s> PAGES – VOLUNTARILY, KNOWINGLY AND WITH THE ADVICE OF THE PLAINTIFF'S COUNSEL.

**SARAHI BIEL HERNANDEZ**

By: _____
SARAHI BIEL HERNANDEZ

Date: 03/02/2018

**SUSHI YAMA JAPANESE RESTAURANT, INC.**

By: _____
MUTSUHIKO YUHARA (on behalf of himself and all Defenbdants)

Date: March 2, 2018

SBH Initials _____